UNITED STATES DISTRIC T COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:01-CR-00423-PCH-1

FILED BY _____ D.C.

AUG 18 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KARL BERNARD BELL,

    Defendant.

_____/

## **MOTION TO CORRECT PRESENTENCE INVESTIGATION REPORT**

    **COMES NOW**, Defendant Karl Bernard Bell, pro se, hereby, respectfully moves this Honorable Court to make the following clerical corrections to his Presentence Investigation Report pursuant to Fed. R. Crim. P. 36.

### **I. JURISDICTION**

    Fed. R. Crim. P. 36 provides, in part, that a court may, at any time, correct a clerical error in a judgment order, or other part of the record arising from oversight or omission. Rule 36 may not be used to make a substantive alteration to a criminal sentence. Portilla, 363 F.3d at 1164 (internal quotation marks omitted) (citations omitted). In Portillo, this Court favorably cited Second Circuit precedent holding that a district court has no jurisdiction to correct a defendant's sentence where the corrections are aimed at remedying errors of law rather than mere transcription. Id. (citing United States v. Weber, 51 F.3d 342, 347 (2nd Cir. 1995)) Examples of clerical errors include arithmetic mistakes, United States v. James, 642 F.3d 1333, 1343 (11th Cir. 2011) (pur curiam), and discrepancies between a district court's oral and written judgments, Portillo, 363 F.3d at 1164.

1

## II. BACKGROUND

Bell was charged in a two-count Indictment with (Count One) distributing five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and (Count Two) distributing 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). (ECF). Prior to trial, the Government filed a 21 U.S.C. § 851 information notice (ECF 27). The § 851 enhancement notice increased Bell's mandatory minimum to life in prison if convicted. Id.

On August 17, 2001, Bell was found guilty of both charges in the indictment. (ECF 39). The PSR determined that Bell was accountable for 98.3 grams of cocaine base, producing a base offense level of 32. (PSR ¶ 18). But because the PSR also found that Bell was a career offender, Bell's total offense level became 37. (PSR ¶ 23).

The Court adopted the PSR and sentenced Bell to life imprisonment based on the § 851 enhancement notice. (Sent. Tr. at 38).

On August 9, 2019, the District Court issued an Order amending its Judgment, reducing Bell's sentence from Life to 370 months imprisonment, pursuant to 18 U.S.C. §3582(c)(2), Amendments 706 and 782, and Fair Sentencing Act of 2014. See Doc. 529.

## III. ARGUMENT

In U.S. v. Ramirez-Gonzalez, 840 F.3d 240 (5th Cir. 2016), the Court held, "The allegedly-erroneous PSR implicates sufficient collateral consequences to preserve a live controversy. In United States v. McCay, 757 F.3d 195 (5th Cir. 2014), this Court found that a clerical error in the PSR was 'not harmless because it affects [the defendant's] substantial rights', and that '[l]ike a judgement, the PSR determines the rights and obligations of the defendant going forward.'"

In United States v. Crawley, 463 Fed. Appx. 418, 421 (11th Cir. 2012), the Court held that , "While there may be circumstances where the line between clerical error and judicial error is unclear, we have generally found that correction of a clerical

error occurs when the modification neither affects a party's substantive rights nor contradicts the court's and the parties' intentions as to the judgment. See, e.g., United States v. Spencer, 513 F.3d 490, 491(5th Cir. 2008) ('[C]ourts have deemed Rule 36 the appropriate mechanism for amendments that do not substantively alter the sentence announced orally but rather correct errors in written judgments.')

At Sentencing the parties discussed different convictions in the context of whether they qualified for the § 851 enhancement notice. But the Court was not called to decide whether Bell was assigned erroneous criminal history points because the sentence was being driven by the § 851 enhancement.[1]

Bell was given six additional criminal history points for the sentences in PSR ¶¶ ¶¶¶ 35, 36, 37, 39 and 40 pursuant to 4A1.1(b) and (c). Bell is respectfully asking this Court to correct his Presentence Investigation Report by removing these six criminal history points.

Bell was given two additional criminal history points for the sentence in PSR ¶ 35 pursuant to 4A1.1 (b). The conviction for PSR ¶ 35 is described as "Battery" for Case No. F90014559. Both sentences for PSR ¶¶ 34 and 35 was consolidated for sentencing on the same date – March 19, 1991. Pursuant to U.S.S.G § 4A1.2 (a) (2) "Consolidated for Trial or Sentencing." Under Application Note 3, prior offenses that were consolidated for trial for sentencing should be treated as related. Accordingly, cases that are consolidated for trial or sentencing have been held by the courts to be related.[2]

Therefore, pursuant to §4A1.2 (a)(2), these additional 2 criminal history points are clerical errors.

---

[1] 1. Any objection to criminal history points at the time of sentencing, in light of the § 851 enhancement would not have been ripe for consideration. This is because resolving whether Bell was given erroneous criminal history points was unnecessary to the determination of the sentence. Under Fed R. Crim. P. 32, the Court need not resolve objections to the PSR that do not affect the sentence.

[2] U.S. v. Delvecchio. 921 F.2d 810 (11th Cir. 1991) (Cases consolidated for sentencing were related even though they were separated by over two years and the charges that led to the convictions were filed in different courts.).

Bell is respectfully asking this Court to correct the clerical errors in his Presentence Investigation Report by removing these two criminal history points for the sentence in PSR ¶ 35.

The PSR also issued four (4) criminal history points for misdemeanor convictions pursuant to 4A1.1(c). (PSR ¶¶¶¶ 36, 37, 39 40). As the PSR indicates, all of the above mentioned sentences have misdemeanor Case No.'s. Sentences for certain specified non-felony offenses are counted only if they meet certain requirements. See §4A1.2(c) (1).

Sentences Counted and Excluded; "Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, except as follows: (1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense."

The conviction for PSR ¶ 36 is described as "Possession of Marijuana" for Case No. M91083160. Id. Bell was sentenced on October 14, 1992, to perform community service and assess $180 in fines and court costs.

The conviction for PSR ¶ 37 is described as "Criminal Mischief" for Case No. M92057117. Id. Bell was sentenced on April 30, 1992, to probation with special conditions.

The conviction for PSR ¶ 39 is described as "Possession of Marijuana" for Case No. M99003084. Id. The PSR shows that Bell did not receive a sentence of probation of at least one year or that he was imprisoned for at least thirty days, or is this offense similar to Bell's instant offense.

The conviction for PSR ¶ 40 is described as "Possession of Marijuana" for Case No. M99046643.Id. The PSR shows that Bell did not receive a sentence of probation of at least one year or that he was imprisoned for at least thirty days, or is this offense similar to Bell's instant offense..

The sentences for the convictions in PSR ¶¶¶¶ 36, 37, 39, and 40 was not for a term of probation of at least one year or a term of imprisonment of at least thirty

days or similar to Bell's instant offense. Therefore, pursuant to §4A1.2(c)(1), these additional 4 criminal history points are clerical errors.

Bell is respectfully asking this Court to correct the clerical errors in his Presentence Investigation Report by removing these four criminal history points for the sentences in PSR ¶¶¶¶ 36, 37, 39 and 40.

Bell contends that the PSR is incorrect due to clerical errors and as a result his "threat assessment" has been improperly increased.

Mr. Bell asks this Court to correct his Presentence Investigation Report so that he may participate in programming that will equip him with skills he will need when he is released. By correcting these errors, Bell will be able to attain a lower security transfer.

Because Bell has 13 criminal history points he cannot be transferred to a FCI-CAMP. (See Ex. A)

The following programs are available at an FCI-CAMP that are not available at a FCI-MED: Residential Drug Abuse Program (RDAP); Post-Secondary Programs (via paid correspondence); Advanced Occupational Education in Custodial Maintenance and HVAC-1; Vocational training in Drafting; Apprenticeships in plumbing, electrical, HVAC; and UNICOR facility that produces textiles and clothing.

These are the types of programs that will be beneficial for Mr. Bell to participate in.

## CONCLUSION

Mr. Bell is respectfully requesting that this Honorable Court, pursuant to Fed. R. Crim. P. 36, to correct the clerical errors arising from oversights or omissions in his Presentence Investigation Report.

According to U.S.S.G § 4A1.2 (a) (2) and §4A1.2(c)(1) there are clerical errors in Bell's PSR. Bell should not have 13 criminal history points. Bell is respectfully requesting that this Honorable Court remove the six additional criminal history points. So that his PSR reflects that he only has seven criminal history points.

5

Respectfully Submitted,

*Karl Bell*

Karl Bernard Bell 67340-004

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was placed in the institutional mail box, with U.S. First Class postage, to AUSA Yvonne Rodriguez-Shack, at 99 N.E. 4TH Street, Miami, FL 33132-2111 this _12th_ day of August, 2021.

Respectfully Submitted,

*Karl Bell*

Karl Bernard Bell 67340-004

FCI-Edgefield

P.O. BOX 725

Edgefield, SC 29824

67340-004
KARL BELL
67340-004
Federal Correctional Institution
P.O. Box 725 B-1
Edgefield, SC 29824
United States

Federal Prison
P.O. Box 723
Edgefield, SC 29824

LEGAL/SPECIAL MAIL: The enclosed letter forwarded to you was processed using special mail procedures. The letter was neither opened/ inspected. If the writer has a question/problem over which this facility has jurisdiction, you may return the materials for further information/clarification. If the writer encloses correspondence for forwarding to another addressee, please return enclosure to the above address.
Initials _____ Date 8-17-21



LEGAL MAIL

Ms. Angel
Clerk Of
U.S. Dist
Southern
Miami D
400 Nort
Miami, Fl